U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR - 6 2018

CLERK, U.S. DISTRICT COURT
By_____
         Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KENDRA WARD, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-038-A |
| | § | (NO. 4:16-CR-021-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Kendra Ward ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting memorandum, the government's response, and pertinent parts of the record in Case No. 4:16-CR-021-A, styled "United States of America v. Cleto Tarin, et al.," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On February 10, 2016, movant was named with thirteen others in a two-count indictment charging her in count two with conspiracy to possess with intent to distribute a controlled substance containing a detectable amount of methamphetamine, in

violation of 21 U.S.C. § 846. CR Doc.[1] 37. On March 18, 2016, movant appeared for rearraignment and pleaded guilty to count two of the indictment. CR Doc. 199. Movant signed a factual resume admitting each of the elements of the offense. CR Doc. 201.

According to the presentence report, from at least May 25 until October 27, 2015, movant was involved in the distribution of methamphetamine. She purchased ounce-quantities that she distributed to her customers, including, on several occasions, an undercover officer. CR Doc. 291, ¶ 16. Movant was accountable for 2.5 kilograms of methamphetamine, not counting amounts she sold to customers (including the undercover officer) or the amounts movant admitted during her proffer interview. Id. at ¶¶ 37-38. Her corresponding base-offense level was 32. Id. at ¶51. She received a two-level enhancement for possessing a firearm, a two-level enhancement for importation of the drugs, and a two-level enhancement for maintaining drug premises. Id. at ¶¶ 52-54. Her total offense level was 38 with a criminal history category of III, resulting in a guideline range of 292 to 365 months' imprisonment. Id. at ¶ 124. However, her statutory maximum term of imprisonment was twenty years. Id. at ¶ 123. An upward

---

[1]The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-021-A.

departure or variance would have been warranted, but was prevented by the cap. Id. at ¶¶ 138-40.

Movant filed objections to the presentence report. CR Doc. 304. The probation officer issued an addendum to the presentence report rejecting movant's objections. CR Doc. 346. The court tentatively concluded that movant's objections lacked merit. CR Doc. 403. At her sentencing on July 8, 2016, the court overruled the objections. CR Doc. 601 at 6-9, 58. The court heard testimony regarding movant's assistance to authorities. Id. at 38-43. The court sentenced movant to a term of imprisonment of 220 months. CR Docs. 418; 432.

Movant appealed and her judgment was affirmed on April 21, 2017. United States v. Ward, 687 F. App'x 354 (5th Cir. 2017). On June 7, 2017, movant filed on her own behalf a motion seeking substitute counsel to proceed with a petition for writ of certiorari. CR Doc. 699. On June 14, 2017, the court conducted a telephone conference hearing with movant, her counsel, and counsel for the government on the line. CR Doc. 701. Movant's counsel admitted that he had not informed her of the outcome of her appeal, but confirmed the appellate court's ruling when she called to inquire of him. CR Doc. 702 at 4. The court reviewed the duties of movant's counsel and expressed disappointment that he had failed to comply with those duties. Id. at 5-7. Movant's

3

counsel said that he would file a motion to withdraw and the court admonished movant that another attorney likely would not be appointed to represent her to pursue a petition for writ of certiorari. Id. at 7-8. The court advised movant that she had 90 days from April 21 in which to file her petition for writ of certiorari. Id. at 8-9. The court suggested movant and her counsel confer regarding what needed to be done. Id. at 9-10.

Movant's counsel filed a motion to withdraw, which the Fifth Circuit granted. Doc.[2] 8 at 1-7. Movant did not file a petition for writ of certiorari; hence, her judgment became final on July 20, 2017. Clay v. United States, 537 U.S. 522, 524-25 (2003).

II.

Grounds of the Motion

Movant sets forth four grounds in support of her motion, worded as follows:

> GROUND ONE: Counsel failed to "consult" with [movant] regarding an appeal, and failed to correct an appeal after sentencing.

Doc. 1 at 5.

> GROUND TWO: Failure to argue that the government breached the plea agreement.

Id. at 6.

> GROUND THREE: 5K1.1 departure was in violation of law.

---

[2]The "Doc. __" reference is to the number of the item on the docket in this civil action.

4

Id. at 7.

> GROUND FOUR: Counsel labored under a conflict of interest.

Id. at 9.

In her memorandum in support of the motion, movant restates her grounds and discusses two additional grounds. Doc. 2. The government has not objected to the additional grounds and has addressed them in its response. Doc. 7.

### III.

### Standards of Review

A. <u>28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164-165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional

rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also

6

United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

The way movant's first ground is worded, one would think that her counsel failed to file an appeal on her behalf. What she apparently means is that counsel did not present all of the arguments she would have made. In particular, she says she would have (1) argued that the government breached the plea agreement and (2) asserted that the information in the presentence report

was accepted without sufficient indicia of reliability and that the enhancements that were applied were not considered along with the factors set forth in the sentencing guidelines.[3] Doc. 2 at second unnumbered page. She also points to her counsel's failure to show that movant would have received a lesser sentence but for the court's alleged conflation of the 5K1.1 factors and 18 U.S.C. § 3553(a) factors.[4] Id. (referencing United States v. Ward, 687 F. App'x at 355). These conclusory allegations are insufficient to establish ineffective assistance of counsel. Green v. Johnson, 160 F.3d 1029, 1042 (5th Cir. 1998); Smallwood v. Johnson, 73 F.3d 1343, 1351 (5th Cir. 1996). And movant has failed to show that any particular nonfrivolous issue was stronger than the issues that were presented. Dorsey v. Stephens, 720 F.3d 309, 320 (5th Cir. 2013).

Movant's second ground is likewise misleadingly worded, alleging that the government breached a plea agreement and her counsel was ineffective in failing to so argue. What she apparently contends is that information she provided to the government was used against her. She refers to her possession of a weapon, saying that she made this admission after her initial

---

[3] The record reflects that there was not a plea agreement between movant and the government. CR Doc. 199. Further, the court could and did accept as reliable the facts set forth in the presentence report. See United States v. Harris, 702 F.3d 226, 230 (5th Cir. 2012).

[4] Movant makes no attempt to show that this burden could have been met.

8

arrest when she was under the influence of methamphetamine. Doc. 2 at unnumbered third page. This is not the type of information to which U.S.S.G. § 1B1.8 refers. And, in any event, the enhancement was based on movant's admissions to the probation officer during her interview. CR Doc. 291 at ¶ 39.

In her third ground, movant says that her counsel failed to properly argue on appeal "that the extent of the 5K1.1 departure was in violation of law." Doc. 2 at unnumbered fourth page. The argument is vague and conclusory and fails to show ineffective assistance of counsel. <u>Green</u>, 160 F.3d at 1042. The fact is that the court imposed a sentence below the guidelines and movant simply wishes that it would have been lower. She has not shown, because she cannot show, that the sentence she received was due to some fault of her attorney.

In her fourth ground, movant contends that her counsel labored under a conflict of interest, but fails to allege any facts to support such contention. Doc. 2 at unnumbered fifth page. <u>See</u> <u>Perillo v. Johnson</u>, 205 F.3d 775, 781 (5th Cir. 2000)(discussing actual conflict of interest). In any event, she does not allege that any conflict played a role in her guilty plea. Movant's guilty plea was knowing and voluntary, thus the claimed conflict has been waived. <u>United States v. Glinsey</u>, 209

F.3d 386, 392 (5th Cir. 2000); Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983).

In her fifth ground, movant argues that her counsel failed to properly argue that the guideline enhancements were improperly applied. Doc. 2 at unnumbered fifth and sixth pages. The record belies the contention. Movant filed objections to the presentence report, including objections to the enhancements regarding the gun, the importation of drugs from Mexico, and maintaining drug premises. CR Doc. 304. The government responded to the objections, pointing out why they were without merit. CR Doc. 311. The court tentatively concluded that the objections were without merit, but gave movant an opportunity to pursue them at sentencing. CR Doc. 403. Movant elected not to present further evidence[5] and does not now point to any evidence that was available and would have affected the outcome of her sentencing.

Finally, movant urges that she received ineffective assistance of counsel because her attorney failed to file a petition for writ of certiorari on her behalf. Doc. 2 at seventh and eighth unnumbered pages. The right to appointed counsel exists as to a defendant's first appeal only; there is no right to counsel for discretionary appeals. Pennsylvania v. Finley, 481

---

[5]One could surmise that movant's counsel did not think these were meritorious objections and that movant's opportunity to receive acceptance of responsibility might suffer were she to persist in them.

U.S. 551, 555 (1987). And, since movant had no right to counsel, she could not be deprived of effective assistance of counsel by counsel's failure to file a petition on her behalf. Wainright v. Torna, 455 U.S. 586, 587-88 (1982). In any event, the court notified movant during the telephone conference hearing on June 14, 2017, long before the time for filing a petition for certiorari expired, that she likely would not be appointed substitute counsel to pursue such a petition. CR Doc. 702 at 7-9. Movant clearly understood that she would need to figure out how to proceed. Id. at 9. And, indeed, movant admits that she received solicitations from outside sources seeking to file a petition on her behalf. Doc. 2 at unnumbered seventh page. That she chose to do nothing does not entitle her to relief.

V.

Order

The court ORDERS that all relief sought by movant in her motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby,

denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED March 6, 2018.

_____
JOHN McBRYDE
United States District Judge